UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

IN RE:

    CECIL HAYNES,

                            DEBTOR.

Case No.: 19-45522-cec

Chapter 11

Judge: Craig

-----------------------------------------------------------------X

## DEBTOR'S MOTION TO EXTEND THE AUTOMATIC STAY UNDER 11 USC 362(c)

**PLEASE TAKE NOTICE** that upon the annexed affirmation of Michael L. Previto, and upon all prior documents had herein, the Debtor, Cecil Haynes, by his attorney, Michael L. Previto, shall move this Court, the United States Bankruptcy Court, Eastern District of New York at Room 3529, before the Honorable Carla E. Craig, at the Courthouse located at 271-C Cadman Plaza East, Brooklyn, New York 1120 on the 9th day of October 2019 at 2:00 o'clock in the afternoon, or as soon thereafter as Counsel can be heard for an Order extending and maintaining the Automatic Stay pursuant to 11 USC 362(c)(3) until further order of this Court;

**PLEASE TAKE FURTHER NOTICE** that answering papers, if any, are to be served upon the undersigned at least seven (7) days prior to the return day of this Motion.

Dated: September 20, 2019

                                                                         Respectfully submitted,

                                                                         Michael L. Previto,
                                                                         *Counsel for Debtor*
                                                                         6 Lyndon Lane
                                                                         S. Setauket, NY 11720
                                                                         (631) 379-0837

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

IN RE:  
        **CECIL HAYNES,**

                    **DEBTOR.**

-------------------------------------------------------------X

Case No.: 19-45522-cec

<u>**Chapter 11**</u>

Judge: Craig

## <u>AFFIRMATION IN SUPPORT OF CROSS-MOTION<br>EXTENDING THE AUTOMATIC STAY</u>

       Michael L. Previto, an attorney at law duly admitted to practice before this Court and the Courts of the State of New York, hereby affirms the following to be true under penalty of perjury:

    1.    I am the attorney for the Debtor in this matter.

    2.    This Affirmation is in support of our request to extend the stay.

    3.    The Debtor respectfully requests that this Court extend the automatic stay, pursuant to 11 U.S.C. §362(c)(3), and in support thereof states:

        (A)    The Debtor filed this bankruptcy petition on September 13, 2019.

        (B)    The Debtor previously filed bankruptcy on August 4, 2018 under Chapter 13 and that case was dismissed due to the Debtor having far more unsecured debt than was allowed in a Chapter 13 case.

        (C)    The Debtor has no other pending bankruptcy cases.

    4.    It does not appear that the Debtor did not have prior cases(s) dismissed in the past year for any of the following reasons:

- (failure to file or amend other required documents without substantial excuse),

- (failure to provide adequate protection as ordered by the Court), or
- (failure to make payments to the Chapter 13 Trustee.

5. The Debtor believes that this case will result in successful reorganization, which this time will include the liquidation of at least one of the Debtor's properties.

6. While it is conceded that the Debtor could have converted his prior filing, we now hope the conduct he exhibits in this petition will show the Court good faith, as well as a real desire to save his home and reorganize her finances. We are hoping to submit a repayment plan and disclosures within 60 days.

7. Pursuant to Section 362(a) of the Bankruptcy Code, the filing of a bankruptcy petition "operates as a stay, applicable to all entities, of" most actions against the debtor the debtor's property and any property of the estate. 11 U.S.C. §362(a). *See S.E.C. v. Wyly*, 2014 WL 5569363 (S.D.N.Y. November 3, 2014) ("Section 362(a) of the Bankruptcy Code implements an automatic stay on most proceedings to protect the property of the estate. The policy of this section is to grant relief to the debtor from creditors and to prevent dissipation of the debtors' assets"). The automatic stay is not permanent and will terminate automatically under Section 362(c), by operation of law, when the reason for its imposition no longer applies. Section 362(c) thus describes when and under what circumstances the automatic stay ends automatically. There are four subsections to Section 362(c). Subsection (1) provides that the stay of an act against property of the estate terminates when the property ceases to be property of the estate. 11 U.S.C. §362(c)(1). Subsection (2) governs automatic termination of the stay as to all acts other than those affecting property of the estate. 11 U.S.C. §362(c)(2). Subsections (3) and (4) were added by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "2005 Amendments") as additional grounds for automatic termination of the automatic stay

2

in serial filing cases. These subsections focus on the debtor's recent bankruptcy history. Under subsection (3), if a single or joint Chapter 7, 11 or 13 case is filed <u>within one year</u> of the dismissal of an earlier case, then the automatic stay in the second case will terminate by operation of law on the 30th day after the filing of the second case. 11 U.S.C. §362(c)(3).

8. Since the Debtor only had one case pending in the previous year, subsection (3) is the operative section. 11 U.S.C. Section 362(c)(3) provides, in pertinent part:

> (3) if a single or joint case is filed by or against a debtor who is an individual in a case under Chapter 7, 11 or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than Chapter 7 after dismissal under section 707(b)—
>
> (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;
>
> (B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed….

9. The majority of courts that have addressed the issue of the scope of the termination of the stay under Section 362(c)(3)(A) have determined that the stay only terminates with respect to the debtor and his property, but not property of the estate. "[T]he emerging majority view is that the termination of the automatic stay under Section 362(c)(3) does not extend to actions against the property of the bankruptcy estate – rather, the stay remains in effect with respect to estate property, which, as a practical matter, encompasses the lion's share of assets in play." <u>Chekroun v. Weil</u> (*In re Weil*), 2013 WL 1798898 at *3 (D. Conn. April 29, 2013). See *In re Witkowski*, 523 B.R. 291 (B.A.P. 1st Cir. 2014) (finding no reason to deviate

3

from the majority of courts and holding that under Section 362(c)(3)(A), the automatic stay terminates as to the debtor and the debtor's property, but remains in effect as to the property of the estate); *See In re Holcomb*, 380 B.R. 813, 816 (B.A.P. 10th Cir. 2008) ("[T]he automatic stay terminates under Section 362(c)(3)(A) only with respect to the debtor and the debtor's property but not as to property of the estate."); *In re Jumpp*, 356 B.R. 789, 791 (B.A.P. 1st Cir. 2006) ("The majority of courts that have considered the issue have concluded that the automatic stay does not terminate with respect to property of the estate."); *In re Jones*, 339 B.R. 360 (Bankr. E.D.N.C. 2006) (same).

10. We hope this Court finds the majority view persuasive and the better reasoned approach to reading the statute as written and determining the scope of termination of the automatic stay under Section 362(c)(3)(A).

11. For the foregoing reasons, the Motion should be granted or if it is denied, we request automatic stay concerning the Bankruptcy Estate.

**WHEREFORE**, the Debtor prays that this Court grant the Motion to Extend the Automatic Stay as to all creditors, after notice and opportunity to be heard, and for all other proper relief.

Dated: September 17, 2019

/s/ Counsel for Debtor

Michael L. Previto,
*Counsel for Debtor*
6 Lyndon Lane
S. Setauket, NY 11720
(631) 379-0837

## Certificate of Service

Michael L. Previto, an Attorney duly admitted to practice law before the courts of the State of New York, knowing the penalties for perjury, hereby affirms that I am not a party and am over the age of 18.

That on the 17th day of September 2019, I served a copy of the attached **Motion to Extend the Automatic Stay Under 11 USC 362(c)** by depositing a true copy thereof in the custody and control of the United States Mail to the parties listed hereunder.

That further, a copy of all papers was filed electronically in the ECF system.

I declare under penalty of perjury that the foregoing is true and correct.

Affirmed this 17th day
of September 2019

                                          Michael L. Previto
                                          535 Broadhollow Road, Suite A-3
                                          Melville, NY 11747
                                          (631) 379-0837

To:    <u>U.S. Trustee:</u>
        Office of the United States Trustee
        Eastern District of New York (Brooklyn Office)
        U.S. Federal Office Building
        201 Varick Street, Suite 1006
        New York, NY 10014

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

IN RE:                                           Case No.:

    CECIL HAYNES,                         <u>Chapter 11</u>

                    DEBTOR.        <u>DECLARATION</u>

-----------------------------------------------------------------X

Cecil Haynes hereby declares:

1. I am the Debtor herein and make this Declaration in support of my request to extend the stay to the completion of this Bankruptcy.

2. I filed a prior case, but it was filed as a Chapter 13, which I am advised was a mistake. However, I did pay the U.S. Trustee quite a bit of money, which I am holding until my attorney advises me what to do with it.

3. I will be submitting a proper Chapter 11 plan.

4. My attorney at the time <u>never</u> advised me of my right to convert that Petition to a Chapter 11.

5. I therefore request the stay be continued.

Dated: September 17, 2019

                                                                              s/
                                                           Cecil Haynes

Haynes matrix list.txt

Certificate of Service

Michael L. Previto the Attorneyfor the Debtor Hereby Certifies that he served the Creditors and parties in interest with a true copy of this motio to Extend the automatice stay by Regular US mail and throught the Federal ECF Syaytem on the 20thday of September 2019

United States Trustee
201 Varick Street
New York, New York

Aronow Law
20 Crossways Park Drive N
Woodbury NY 11797

Chase Credit Card Services
PO Box 15298
Wilmington DE 19850

Citibank
PO Box 790034
St Loius MO 63179

Dorf and Nelson LLP
555 Theodore Fremd Ave
Rye New York 10580

Ocwen Loan Servicing
PO Box 24738
West Palm Beach FL 33416

PHH Mortgage Services
PO Box 5452
Mt Laurel NJ 08054

Synchrony Bank
PO Box 965060
Orlando FL 32896

Wells Fargo
8480 Stagecoach Circle
Frederick MD 21701

9/20/19    /s/ Michael Previto