**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

IN RE:

    CECIL HAYNES,

                  DEBTOR.

Case No.: 1-19-45522-cec

CHAPTER 11

------------------------------------------------------------------X

## AFFIRMATION IN OPPOSITION OF MOTION FOR RELIEF FROM STAY

Michael L. Previto, an Attorney at Law, admitted in this district, hereby affirms the following:

1. I am an attorney duly admitted to the practice of law in this district and am the attorney for the Debtor, Cecil Haynes. As such, I am fully familiar with the facts, circumstances, prior pleadings and proceedings heretofore had herein.

2. We oppose the motion by the U.S. Bankruptcy Court to vacate the automatic stay by U.S. Bank with respect to 846 Clarkson Avenue, Brooklyn, New York 11203.

3. The Court is respectfully referred to my client's declaration, in which he attempted to make post-petition payments but was refused.

4. This, despite the fact, that previously this Court sustained the stay.

5. U.S. Bank now moves pursuant to 11 U.S.C. §§362(d)(1) and (2) for a Order granting relief from the automatic stay of the foreclosure action, despite the fact that it has not, at least to date, accepted the payments.

6. I am advised that Mr. Haynes has attempted twice to make payments to PHH and both times the attempts were refused.

7. That secondly, the Debtor who received the sum of $34,000.00 from the former Trustee in his prior proceeding, is ready, willing and able to remit this sum to the bank upon this Court's Order.

8. As such, we seek an Order:

(a) Compelling PHH to accept the adequate protection payments which the Debtor is ready, willing and able to make.

(b) Compelling the Debtor to pay to PHH the sum of $30,000.00 as cash collateral immediately upon its Order to compel acceptance by PHH, therefor.

### U.S. BANK/CHASE IS ADEQUATELY PROTECTED

9. Counsel for PHH has advised the Court that the current mortgage of principle and arrears stands at $761,868.00 (see Claim, 1).

10. However, a true copy of the appraisal submitted herein shows that the property is worth a <u>minimum</u> of $810,000.00, which shows without a doubt, that there is equity in the premises.

11. The payment of the $30,000.00 will assure that such equity will increase, especially if the Debtor can complete his payments. That further, the Debtor will be bringing a Bank Check for all post-petition payments through January 2020, to the February 5, 2020 hearing to "assure" that the payment is accepted by PHH.

12. With respect to the bank's claim that the Debtor is a "serial filer", it is obvious that Counsel did not review the Debtor's prior application to continue the stay, wherein his last petition was dismissed, <u>not</u> for non-performance, but because of subject matter jurisdiction due to his attorney or the Debtor failing to convert that petition to a Chapter 11.

13. As such, we believe the "serial filer" label is misleading and inaccurate.

Affirmed this 30th day
of January 2020

                                        Michael L. Previto
                                        *Attorney for Debtor*
                                        150 Motor Parkway, Suite 401
                                        Hauppauge, NY 11788
                                        (631) 379-0837

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

IN RE:                                                          Case No.: 1-19-45522-cec

    CECIL HAYNES,                                         <u>Chapter 11</u>

                                 DEBTOR.                       <u>DECLARATION</u>

----------------------------------------------------------------X

Cecil Haynes, being duly sworn, hereby declares as follows:

1. I am the Debtor in the above entitled action.

2. I made an attempt to make a post-petition payment by phone, but was advised by the PHH Service that they would not accept it. My attorney advised me to try again, but I was told it should be "between the attorneys."

3. I have the sum of over $90,000.00 in a DIP Account.

4. I am ready, willing and able to make these post-petition payments along with a lump sum payment of $30,000.00, which I received back from Mr. Macco in our last filing.

5. Further, I had an appraisal completed, which shows my property still having approximately $100,000.00 in equity.

6. I am therefore requesting that the motion brought by the secured creditors, be denied.

Dated: January 30, 2020

                                                             Cecil Haynes