UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
In Re:

                                                                                     Case No. 1-19-45522-cec

Cecil Haynes,

                                                                                     Chapter 11

                                       Debtor.
------------------------------------------------------------------------x

## RESPONSE AND OBJECTION TO DEBTOR'S AMENDED CHAPTER 11 PLAN AND TO APPOINT VANGUARD REAL ESTATE BROKERAGE GROUP AS REAL ESTATE BROKERS FOR THE DEBTOR

       I, Solomon A. Frager, Esq. an attorney duly admitted to the practice of law in the Eastern District of New York, am an associate of the law firm Dorf & Nelson, LLP, attorneys for the Creditor, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE C-BASS MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2007-MX1 ("U.S. Bank") and respectfully object to the Debtor's Amended Chapter 11 Plan filed on February 25, 2020 (the "Amended Plan") and to debtor's motion to appoint Vanguard Real Estate Brokerage Group as Real Estate Brokers for the Debtor.

       1.     U.S. Bank is the current owner and holder of a mortgage encumbering real property located at: 846 Clarkson Avenue, Brooklyn, New York 11203-2228 (the "Subject Property"), owned by the Cecil Haynes (the "Debtor") in fee simple, as well as the underlying promissory Note dated September 13, 2006 secured thereby (the "Note"). The Note was originally executed by the Debtor in favor of JPMorgan Chase Bank, N.A. ("JPMorgan") in the amount of $332,750.00 dated September 13, 2006. A true and correct copy of the Note as provided to me by my client is attached hereto, as **Exhibit "A"**.

       2.     In order to collateralize the aforementioned obligation as memorialized in the Note, the Debtor, on the same day, secure executed, acknowledged and delivered a Mortgage in

favor of JPMorgan in the original principal amount of $325,750.00 encumbering the Subject Property, which was duly recorded on December 27, 2006 in the Office of the City Register of the City of New York at CRFN: 2006000704821 (the "Mortgage"). A true and correct copy of the Mortgage as recorded in the land records is attached hereto, as **Exhibit "B"**.

3. Subsequently, JPMorgan duly transferred and assigned the Note and Mortgage to U.S. Bank via purchase and delivery of the original Note and the execution of an Assignment of Mortgage dated December 11, 2009 and duly recorded on February 9, 2010 in the Office of the City Register of the City of New York at CRFN: 2010000046910 (the "Assignment of Mortgage"). A true and correct copy of the Assignment of Mortgage as recorded in the land records is attached hereto, as **Exhibit "C"**.

4. According to my review of the records, as provided by U.S. Bank, the Debtor defaulted under the terms of the Note and Mortgage by failing to make the payments due and owing on August 1, 2010, and all payments thereafter. U.S. Bank then exercised its right to accelerate the entire principal amount due and owing, together with accrued interest, unpaid late charges, advances made by U.S. Bank, and costs and fees.

5. Thereafter, a foreclosure action was then commenced in the State of New York upon the filing of a Notice of Pendency, Summons, and Complaint in the Kings County Clerk's Office on or about April 3, 2013 by U.S. Bank for which the Debtor is named as a defendant, entitled, U.S. Bank National Association, as Trustee for the C-Bass Mortgage Loan Asset-Backed Certificates, Series 2007-MX1 v. Cecil Haynes, et al., bearing Index No.: 6018/2013 (the "Related Foreclosure Action"). True and correct copies of the Notice of Pendency, Summons and Complaint in the Related Foreclosure Action are attached hereto, as **Exhibit "D"**.

6. On or about November 21, 2017, U.S. Bank filed a motion for a Judgment of Foreclosure and Sale in the Related Foreclosure Action which was granted on May 17, 2018. A true and correct copy of the Judgement of Foreclosure and Sale issued by the Court in the Related Foreclosure Action is attached hereto, as **Exhibit "E"**.

7. Since the issuance of the Judgment of Foreclosure and Sale, Plaintiff has scheduled two foreclosure auctions, both of which have been canceled due to the debtor filing Bankruptcy petitions.

8. For the reasons that follow, the debtor's amended plan should not be confirmed by this Court and the debtor's motion to appoint a broker should also be denied.

## DEBTOR'S PLAN SHOULD NOT BE CONFIRMED

9. According to U.S. Bank's Amended Proof of Claim filed on November 20, 2019, it is owed a total of $761,868.45 through October 01, 2021 (the maturity date of the loan). A true and correct copy of the Proof of Claim dated November 20, 2019 is annexed hereto as **Exhibit "F".**

10. According to the Debtor's Petition, the Debtor owns three (3) properties; one (1) in tenants in common, and two (2) in fee simple, one of which is the Subject Property that is collateral that secures the underlying Note currently owned by U.S. Bank. *See* Schedule A/B: Property, Part 1 of Debtor's Petition. Specifically, according the Debtor's Petition, the Debtor owns the following properties: (a) 846 Clarkson Avenue, Brooklyn, New York 11234, (b) 2417 Clarendon Road, Brooklyn, New York 11226, and (c) 4200 Panthersville Road, Ellenwood, Georgia 30294. *Id*. The Debtor lists the value of the Subject Property as $810,000.00. *Id*. As such, according to the Debtor's Petition, the Debtor owns no other real property. *Id*.

11. Further as gleaned from the Debtor's Petition, it appears that the Debtor is not claiming a homestead exemption. *See* Schedule C: The Property You Claim as Exempt, Part 1, ¶ 3 of Debtor's Petition.

12. The Debtor's Amended Plan is entirely self-servicing and at times, self-contradictory. It is also ambiguously written. Initially, the Plan states that it intends to pay U.S. Bank ". . . the total amount due on its pre-Petition claim, less any payments made thereon."

13. Thereafter, the Plan proposes to pay the secured creditor the principal amount due ($342,000.00) and seeks to vacate all pre-petition default interest and penalties. Additionally, and inexplicably, the debtor also seeks to reduce the pre-petition interest to 5.5% from the contractual rate of 8.625%.

14. Alternatively, the Plan proposes to pay secured creditor the sum of $3,000.00 per month for twelve (12) months until the property is sold or refinanced. It appears the Debtor only wishes to sell the property commencing on April 1, 2020. Although no explanation for the delay is provided in the Plan.

15. Also, the Amended Plan as written infers that the property will be sold for one million dollars ($1,000,000.00) or possibly not at all.

16. As stated herein, Debtor's Plan is unviable and further does not comply with the provisions of 11 U.S.C. Section 1325 in that it does not account for what is due and owing to U.S. Bank under the Note and Mortgage and proposes onerous terms that U.S. Bank could not possibly accept. Accordingly, U.S. Bank objects to the Debtor's Plan, and moreover objects for the reasons stated below.

17. The Debtor's Plan is not adequately structured in that the Debtor's Plan does not contain terms and funds that are sufficient to pay all secured creditors in full as required under 11

U.S.C Section 1325(a)(5)(B)(ii). The inequities alone, between the secured creditors on the other mortgages that encumber property owned in fee simple and tenants in common by the Debtor, illustrate why the Debtor's Petition under Chapter 11, should not be countenanced by this Court and should be rejected out of hand.

18. First, it is unclear to secured creditor whether the debtor actually seeks to pay the total pre-petition arrears. Initially, the Debtor proposes to do so, but then later on states that he seeks to pay only the pre-petition principal balance.

19. Additionally, the Debtor cannot provide any basis for the cancelation of late charges and penalties. Accordingly, secured creditor objects to this request.

20. Moreover, U.S. Bank also strenuously objects to Debtor's request to decrease the pre-petition interest from the contract rate of 8.625% to 5.5%. Indeed, the Debtor provides zero basis for a reduction of interest. Let alone a reduction of more than three (3) points. This is especially true, because the debtor openly admits that the subject property has equity.

21. Indeed, he is seeking to sell the property for one million dollars ($1,000,000.00).

22. In fact, the Debtor claims to be able to pay his secured creditors and unsecured creditors in full from the proceeds of the sale of the subject property. So, seeking a reduction of interest and cancelation of late charges is, quite literally, transferring the money from U.S. Bank to the debtor without any reason for same.

23. For these reasons, U.S. Bank objects to the plan.

24. With respect to the Debtor's motion for an Order appointing Vanguard Real Estate Brokerage Group, U.S. Bank similarly objects.

25. Based on what has bene represented to me by the secured creditor, this particular brokerage is too inexperienced. Indeed, according to information obtained relating to Lamar

Collins (sole owner of the brokerage in question), Mr. Collins has sold only one property in the last twelve (12) months.

26. U.S. Bank wishes to ensure the value of the property is maximized, which will require an experienced broker. Accordingly, it proposes Reale Rose from EAR Properties International (35 W. 38th Street, Suite 5W, New York, NY 10018) to be appointed as broker for the subject property.

27. Based upon the foregoing, secured creditor, U.S. Bank objects to the Debtor's proposed Chapter 11 Plan and its motion to appoint Vanguard Real Estate Brokerage Group to sell the subject property.

**WHEREFORE**, U.S. Bank, as a secured creditor respectfully requests, that this Court deny the Confirmation of the Debtor's Plan and dismiss this case, or in the alternative, direct the Debtor's to amend the Plan to confirm to this objection, along with any such other and further relief as this Court may deem just and proper.

Dated: Rye, New York
       March 11, 2020

_____
Solomon A. Frager