UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
In Re:

                Case No.: 1-19-45522-cec

Cecil Haynes,

                Chapter 11

                              Debtor.
------------------------------------------------------------------------x

## **MOTION FOR APPOINTMENT OF TRUSTEE OR EXAMINER PURSUANT TO 11 U.S.C. § 1104(A)**

STATE OF NEW YORK       )
                                  )ss.:
COUNTY OF WESTCHESTER  )

     I, Solomon A. Frager, Esq. an attorney duly admitted to the practice of law in the Eastern District of New York, am an associate of the law firm Dorf & Nelson, LLP, attorneys for the Creditor, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE C-BASS MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2007-MX1 ("U.S. Bank") attests as follows:

     1.    U.S. Bank is the current owner and holder of a mortgage encumbering real property located at: 846 Clarkson Avenue, Brooklyn, New York 11203-2228 (the "Subject Property"), owned by the Cecil Haynes (the "Debtor") in fee simple, as well as the underlying promissory Note dated September 13, 2006 secured thereby (the "Note"). The Note was originally executed by the Debtor in favor of JPMorgan Chase Bank, N.A. ("JPMorgan") in the amount of $332,750.00 dated September 13, 2006. A true and correct copy of the Note as provided to me by my client is attached hereto, as **Exhibit "A"**.

     2.    In order to collateralize the aforementioned obligation as memorialized in the Note, the Debtor, on the same day, secure executed, acknowledged and delivered a Mortgage in favor of JPMorgan in the original principal amount of $325,750.00 encumbering the Subject

1

Property, which was duly recorded on December 27, 2006 in the Office of the City Register of the City of New York at CRFN: 2006000704821 (the "Mortgage").  A true and correct copy of the Mortgage as recorded in the land records is attached hereto, as **Exhibit "B"**.

3.      Subsequently, JPMorgan duly transferred and assigned the Note and Mortgage to U.S. Bank via purchase and delivery of the original Note and the execution of an Assignment of Mortgage dated December 11, 2009 and duly recorded on February 9, 2010 in the Office of the City Register of the City of New York at CRFN:  2010000046910 (the "Assignment of Mortgage").  A true and correct copy of the Assignment of Mortgage as recorded in the land records is attached hereto, as **Exhibit "C"**.

4.      According to my review of the records, as provided by U.S. Bank, the Debtor defaulted under the terms of the Note and Mortgage by failing to make the payments due and owing on August 1, 2010, and all payments thereafter.  U.S. Bank then exercised its right to accelerate the entire principal amount due and owing, together with accrued interest, unpaid late charges, advances made by U.S. Bank, and costs and fees.

5.      For the reasons that follow, this Court should grant U.S. Bank's motion for an appointment of a trustee or examiner in this proceeding to prevent the debtor from committing deceiving both this Court and its creditors.

## ARGUMENT

6.      A trustee or examiner should be appointed in this Chapter 11 proceeding to prevent the Debtor from concealing assets.

7.      Pursuant to 11 U.S.C. § 1104(a)(1):

> **(a)** At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee--

> **(1)** for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or
> **(2)** if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor.

8. As outlined above, 11 U.S.C. § 1104(a) mandates appointment of a trustee or examiner when the court finds "cause" or the appointment of a trustee is in the interest of the creditors. In re Sullivan, 108 B.R. 555, 557 (Bankr. E.D. Pa.1989).

9. A final decision as to whether a Court should appoint a Chapter 11 trustee or examiner rests within the sound discretion of the court. In re H & S Transp. Co., 55 B.R. 786, 790–91 (Bankr. M.D. Tenn. 1982)

10. In that regard, a Bankruptcy Court has authority to appoint a Chapter 11 Trustee to prevent dishonesty, incompetence or gross mismanagement of a debtor in possession. *In re Russell,* 60 B.R. 42, 47–48 (Bankr. Ark.1985); *Petit v. New England Mort. Servs.,* 182 B.R. 64, 69 (D. Me. 1995).

11. The case law supports the appointment of a trustee or examiner when the debtor fails to disclose material information regarding their finances or fails to provide accurate information about their ownership interests. In Re Celeritas Tech. LLC, 446 B.R. 514, 518-19 (Bankr. D. Kan. 2011).

12. Indeed, if the facts of a case support appointment of Chapter 11 trustee, the court has no discretion other than to appoint the trustee. *See id.*

13. In this case, it is clear that the appointment of a trustee is necessary both for cause and for the protection of all creditors.

14. The debtor has consistently misrepresented his income to the Bankruptcy Court. In the prior bankruptcy titled In re Haynes, Case No.:18-44538 (the "Prior Bankruptcy"), the debtor initially filed inaccurate schedules, which excluded several of his bank accounts.

15. Upon the submission of a modification application by the debtor, U.S. Bank became aware of the debtor's concealment and misrepresentations. So, U.S. Bank demanded that the Debtor amend his schedules to include the actual correct information.

16. In response to U.S. Bank's demands, on or about June 12, 2019, the Debtor filed amended schedules, which listed the following bank accounts:

   a. Santander Bank (Account ending 2222) - $65,473.03

   b. TD Bank (Account ending 6626) - $117,791.78

   c. Chase Bank (Account ending 8948) - $5,667.96

   d. Bank of America (Account ending 8334) - $13,720.99

   e. Santander (Account ending 2935) - $61,264.96

   f. Bank of America (Account ending 3787) - $600.97[1]

17. In addition, the debtor listed the following retirement account:

   a. Chase - $260,000.00

18. The aforesaid accounts (excluding the retirement account) totals $267,519.69 in cash reserves.

19. However, in the Schedules filed for the current matter filed on September 13, 2019, the debtor intentionally and fraudulently excludes several bank accounts and assets that

---

[1] True and correct Copies of the Amended Schedules dated June 12, 2019 are annexed hereto as **Exhibit "D"**.

were included in his schedules only a few months prior. Indeed, the debtor lists only $76,799.45 in liquid cash assets compared to the $267,519.69 listed in June 2019.

20. The aforesaid concealment is evidence of the debtor's intention to perpetuate a fraud on this court and deceive his creditors. Indeed, it is clear and obvious that the debtor is intentionally concealing approximately $190,720.24 in cash reserves from the Bankruptcy Court and his creditors.

21. In addition, the monthly operating reports report monthly rental income in the amount of $5,700.00. True and correct copies of the Debtor's Monthly Operating Reports are annexed hereto as **Exhibit "E"**.

22. However, according to the Debtor's amended Schedule I, filed in the prior bankruptcy, the debtor's monthly rental income is $8,075.00. A true and correct copy of the Schedule I filed on December 07, 2018 is annexed hereto as **Exhibit "F"**.

23. That amounts to a discrepancy of $2,375.00 per month. Given the debtor's prior concealments, it is suspected that the debtor might also be shielding monthly rental income from the court's purview. Accordingly, an examiner or trustee is required to ensure that the debtor is reporting accurate information.

24. For these reasons, U.S. Bank respectfully requests an Order: (i) pursuant to 11 U.S.C. § 1104(a) appointing a trustee or examiner to oversee the bankruptcy estate and (ii) for any such further relief as this court deems just and proper.

Dated: Rye, New York
      March 18, 2020

_____
Solomon A. Frager