UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
In Re:

                                          Case No. 1-19-45522-cec

Cecil Haynes,

                                          Chapter 11

                            Debtor.
------------------------------------------------------------------------x

## RESPONSE AND OBJECTION TO DEBTOR'S MOTION TO AUTHORIZE/DIRECT TO APPROVE AMENDED PLAN AND DISCLOSURES

I, Solomon A. Frager, Esq. an attorney duly admitted to the practice of law in the Eastern District of New York, am an associate of the law firm Dorf & Nelson, LLP, attorneys for the Creditor, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE C-BASS MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2007-MX1 ("U.S. Bank") and respectfully object to Debtor's Motion to Authorize/Direct to approve amended plan and disclosures (Dk. No. 84).

1.    U.S. Bank is the current owner and holder of a mortgage encumbering real property located at: 846 Clarkson Avenue, Brooklyn, New York 11203-2228 (the "Subject Property"), owned by the Cecil Haynes (the "Debtor") in fee simple, as well as the underlying promissory Note dated September 13, 2006 secured thereby (the "Note"). The Note was originally executed by the Debtor in favor of JPMorgan Chase Bank, N.A. ("JPMorgan") in the amount of $332,750.00 dated September 13, 2006. A true and correct copy of the Note as provided to me by my client is attached hereto, as **Exhibit "A"**.

2.    In order to collateralize the aforementioned obligation as memorialized in the Note, the Debtor, on the same day, secure executed, acknowledged and delivered a Mortgage in favor of JPMorgan in the original principal amount of $325,750.00 encumbering the Subject Property, which was duly recorded on December 27, 2006 in the Office of the City Register of

the City of New York at CRFN: 2006000704821 (the "Mortgage").  A true and correct copy of the Mortgage as recorded in the land records is attached hereto, as **Exhibit "B"**.

3. Subsequently, JPMorgan duly transferred and assigned the Note and Mortgage to U.S. Bank via purchase and delivery of the original Note and the execution of an Assignment of Mortgage dated December 11, 2009 and duly recorded on February 9, 2010 in the Office of the City Register of the City of New York at CRFN:  2010000046910 (the "Assignment of Mortgage").  A true and correct copy of the Assignment of Mortgage as recorded in the land records is attached hereto, as **Exhibit "C"**.

4. According to my review of the records, as provided by U.S. Bank, the Debtor defaulted under the terms of the Note and Mortgage by failing to make the payments due and owing on August 1, 2010, and all payments thereafter.  U.S. Bank then exercised its right to accelerate the entire principal amount due and owing, together with accrued interest, unpaid late charges, advances made by U.S. Bank, and costs and fees.

5. Thereafter, a foreclosure action was then commenced in the State of New York upon the filing of a Notice of Pendency, Summons, and Complaint in the Kings County Clerk's Office on or about April 3, 2013 by U.S. Bank for which the Debtor is named as a defendant, entitled, U.S. Bank National Association, as Trustee for the C-Bass Mortgage Loan Asset-Backed Certificates, Series 2007-MX1 v. Cecil Haynes, et al., bearing Index No.:  6018/2013 (the "Related Foreclosure Action").  True and correct copies of the Notice of Pendency, Summons and Complaint in the Related Foreclosure Action are attached hereto, as **Exhibit "D"**.

6. On or about November 21, 2017, U.S. Bank filed a motion for a Judgment of Foreclosure and Sale in the Related Foreclosure Action which was granted on May 17, 2018. A

true and correct copy of the Judgement of Foreclosure and Sale issued by the Court in the Related Foreclosure Action is attached hereto, as **Exhibit "E"**.

7. For the reasons that follow, the debtor's disclosures and amended plan should not be confirmed.

## **DEBTOR'S MOTION SHOULD BE DENIED IN ITS ENTIRETY**

I. <u>THE DEBTOR'S FIRST ALTERNATIVE PLAN SHOULD NOT BE CONFIRMED</u>

8. The debtor's first alternative plan should not be confirmed. At the outset, it is unclear to the secured creditor the exact time frame that the first alternative plan calls for. For example, the debtor proposes to submit a $250,000.00 lump sum within five (5) days of plan confirmation. Then an additional $20,000 within sixty (60) days of plan confirmation.

9. At this point, the details become confusing. After the initial sixty (60) days, the Debtor proposes to pay the sum of $3,002.00 until a total of $20,000.00 is paid to the secured creditor. However, it is unclear whether this figure is the same $20,000.00 sum to be paid within sixty (60) days or an additional $20,000.00 to be paid over an additional six (6) months.

10. Thereafter, the debtor proposes to pay the secured creditor a monthly total of $3,502.00, for an additional twelve (12) months. Confusingly and contradictory, the debtor ultimately suggests that if a refinance is not implemented within ten (10) months – the first alternative will be abandoned.

11. The plan is entirely unclear, because the debtor proposes to pay the secured creditor for almost twenty (20) months, but also seeks to abandon the plan after ten (10) months. Accordingly, for its ambiguity alone, the debtor's plan should not be confirmed.

12. In any event, the secured creditor also objects to the implementation of debtor's plan. The debtor has been afforded the better part of <u>two years</u> to find financing for the subject property, but has been unable to do so.

13. Moreover, the vast majority of this opportunity was BEFORE the global pandemic. With the current global landscape, lenders are much less willing to provide financing, especially to debtors with credit risk. Thus, it is extremely unlikely that the debtor will be able to seek refinancing.

14. Thus, the secured creditor objects to being forced to permit additional time periods for the debtor to refinance the property and delay recovery of monies owed.

15. However, if the court determines to permit the debtor's first alternative plan - at a minimum, in addition to the aforesaid payments, the debtor should be required to pay all outstanding property taxes and water bills and continue to keep property taxes and insurances current through the time period proposed above.

16. Moreover, since the loan is matured during the plan period, the secured creditor should be entitled to additional interest on the claim amount during the extended period in which debtor seeks to find financing (beyond the maturity date).

II. THE DEBTOR'S SECOND ALTERNATIVE PLAN SHOULD NOT CONFIRMED

17. The secured creditor objects to the second alternative plan for two reasons.

18. Again, to reiterate the sentiment from above, the debtor has been afforded the opportunity to sell the property for the past <u>two years</u> and has either not done so or been unable to do so.

19. Further, the debtor's plan to sell the property and satisfy the secured creditors in full is indefinite in duration. In other words, the debtor does not provide a time limit for his

ability to sell the property and pay off his debts. For example, it is unclear if the secured creditor is expected to wait the duration of the plan length (which isn't even specified in the plan itself) for the property to be sold.

20. It is severely prejudicial to force the secured creditor to wait an unspecific duration for the debtor to sell the property. Especially because there is no guarantee the debtor will receive a price sufficient to satisfy his debts.

21. For these reasons, the secured creditor vehemently objects to the second alternative plan.

22. In the event the debtor is permitted an additional opportunity to sell the property, the secured creditor should be compensated and the debtor should be required to keep any and all taxes current during the selling period.

**WHEREFORE**, U.S. Bank, as a secured creditor respectfully requests, that this Court deny the motion to authorize/direct to approve amended plan and disclosures, along with any such other and further relief as this Court may deem just and proper.

Dated: Rye, New York
July 1, 2020

_____
Solomon A. Frager